UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHANDLER HICKENBOTTOM,

                                Plaintiff,

v.                                                        1:24-cv-0526
                                                           (AMN/TWD)

DEVIN J. ANDERSON; MARCUS FELTON;
15 JOHN DOE'S; and THE CITY OF ALBANY,

                                Defendants.
_____

APPEARANCES:

CHANDLER HICKENBOTTOM
*Plaintiff, pro se*
19 Elberon Place
Albany, NY 12203

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

      The Clerk has sent to the Court for review a complaint filed by *pro s*e plaintiff Chandler Hickenbottom ("Plaintiff") pursuant to 42 U.S.C. § 1983, together with an application to procced *in forma pauperis* ("IFP"). (Dkt. Nos. 1, 2.[1])

**I.    IFP APPLICATION**

      Plaintiff has not paid the filing fee for this action and seeks leave to proceed IFP. (Dkt. No. 2.) Upon review, the Court finds Plaintiff has demonstrated sufficient economic need. *See* 28 U.S.C. § 1915(a)(2). Therefore, Plaintiff's IFP application is granted. (Dkt. No. 2.)

---

[1] Citations to Plaintiff's complaint will be to the pagination generated by CM/ECF, the Court's electronic filing system. Unless otherwise indicated, excerpts from the record are reproduced exactly as they appear in the original and errors in spelling, punctuation, and grammar have not been corrected.

II.     BACKGROUND

Plaintiff brings this action against defendants Devin J. Anderson, Marcus Felton, 15 John Doe's, and The City of Albany.  (Dkt. No. 1 at 1-2.)  The following facts are set forth as alleged by Plaintiff in the complaint.

On April 14, 2021, "while participating in a peaceful protesting to honor the life of Daunte Wright," Plaintiff, a Black woman, "was assaulted" by Anderson, a lieutenant, at the Albany Police Department South Station precinct."  *Id*. at 4.  Plaintiff was continuously saying "People over property" when Anderson "grabbed" Plaintiff's megaphone and "smashed it" into her mouth, resulting in her teeth "going through" her "upper lip along with trauma" to her "entire face." *Id*. at 4.  She was "bleeding excessively." *Id*.

Anderson then "ordered his officers to use excessive force on protestors." *Id*. at 8. Felton and the 15 John Doe's "sprayed" Plaintiff and others with "expired bear mace." *Id*. "The officers retreated and came back with more expired bear mace to spray the crowd." *Id*. at 4. Plaintiff's "open facial wounds" were "filled with the chemical irritant." *Id*.

Plaintiff did not "partake in any actions that justified the use of excessive force" and she "was not arrested or charged with any wrongdoing." *Id*. at 8.  Plaintiff claims Anderson's actions "were, to some extent, racially motivated" because she was "speaking out against the injustices that black Americans frequently encounter when confronted by law enforcement." *Id*. at 9.

On April 16, 2021, Plaintiff and other protestors established "an encampment outside the South Station Precinct in Albany . . . to bring attention to the violation of [Plaintiff's] federal constitutional rights." *Id*. at 10-11.  The encampment, which "maintained" a "peaceful

atmosphere" and was "supported" by many local community members and businesses "who shared our goals," "lasted" approximately six days. *Id*. at 11.

On April 22, 2021, the encampment was "taken down." *Id*. Plaintiff "noticed a group of forty Albany Police officers in riot gear." *Id*. "Beyond the line of officers," Plaintiff "witnessed" her "tent being lifted by a garbage claw and tossed into a massive dumpster." *Id*. She lost "medication, clothing, birthday gifts and furniture." *Id*. at 4.

Liberally construed, the complaint appears to assert: (1) First Amendment claims related to free speech, association, and retaliation against defendant Anderson; (2) Fourth Amendment excessive force claims against defendants Anderson, Felton, and the 15 John Doe Defendants; (3) Fourteenth Amendment equal protection claim against defendant Anderson; and (4) a municipal liability claim against defendant City of Albany. Plaintiff seeks monetary relief. *Id*. at 5, 14. For a complete statement of Plaintiff's claims, reference is made to the complaint.

### III.   STANDARD OF REVIEW

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2]

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

---

[2] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Because Plaintiff is proceeding *pro se*, the Court will construe the allegations in the complaint with the utmost leniency. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a *pro se* litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers").

IV.  ANALYSIS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

A.  **Section 1983 Claims against Defendants Anderson, Felton, and the 15 John Doe Defendants**

To state a claim under Section 1983, the plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was

violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, *see, e.g.*, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court recommends that following claims survive sua sponte review and require a response: (1) Plaintiff's First Amendment claims related to free speech, association, and retaliation against defendant Anderson; (2) Plaintiff's Fourth Amendment excessive force claims against defendants Anderson, Felton, and the 15 John Doe Defendants; and (3) Plaintiff's Fourteenth Amendment equal protection claim against defendant Anderson.  The Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

      **B.**      **Section 1983 Claim against Defendant City of Albany**

To set forth a cognizable claim for municipal liability under Section 1983, Plaintiff must plead and prove that a deprivation of her constitutional rights "was caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658 (1978)); *see also Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) ("The plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officer.  Second, the plaintiff must establish a causal connection–an 'affirmative link'–between the policy and the deprivation of his constitutional rights.") (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 n.8 (1985)).  A municipality may not be held liable solely because it employs a tortfeasor.

*Los Angeles Cnty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010); *Jeffes v. Barnes*, 208 F.3d 49, 56 (2d Cir. 2000).

An "official policy or custom" of the municipality can be shown in several ways:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing municipal policies related to the particular deprivation in question; (3) a practice so consistent and widespread that it constitutes a "custom or usage" sufficient to impute constructive knowledge of the practice to policymaking officials; or (4) a failure by policymakers to train or supervise subordinates to such an extent that it amounts to "deliberate indifference" to the rights of those who come in contact with the municipal employees.

*Dorsett-Felicelli, Inc. v. Cnty. of Clinton*, 371 F. Supp. 2d 183, 194 (N.D.N.Y. 2005) (citations omitted).

Here, the complaint alleges no facts plausibly suggesting the City of Albany has a policy, practice, or custom that resulted in a violation of Plaintiff's constitutional rights. (*See generally*, Dkt. No. 1.) Plaintiff therefore fails to state a Section 1983 claim against the City of Albany. Accordingly, the Court recommends that Plaintiff's Section 1983 claim against the City of Albany be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without prejudice and with leave to amend.

## V.  CONCLUSION

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED** that Plaintiff's IFP application (Dkt. No. 2) is **GRANTED**;[3] and it is further

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) be **ACCEPTED** for filing; and it is further

---

[3] Although Plaintiff's application to proceed IFP has been granted, Plaintiff will still be required to pay fees that she may incur in the future regarding this action, including, but not limited to, copying and/or witness fees.

6

**RECOMMENDED** that the following claims **SURVIVE** initial review and require a response: (1) Plaintiff's First Amendment claims related to free speech, association, and retaliation against defendant Anderson; (2) Plaintiff's Fourth Amendment excessive force claims against defendants Anderson, Felton, and the 15 John Doe Defendants; and (3) Plaintiff's Fourteenth Amendment equal protection claim against defendant Anderson; and it is further

**RECOMMENDED** that Plaintiff's Section 1983 claim against the City of Albany be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without prejudice and with leave to amend; and it is further

**ORDERED** that the Clerk provide to Plaintiff a copy of this Report-Recommendation and Order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.[4]  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**IT IS SO ORDERED.**

Dated: May 23, 2024
      Syracuse, New York

*[signature]*
Thérèse Wiley Dancks
United States Magistrate Judge

---

[4] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).