UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHANDLER HICKENBOTTOM,

                Plaintiff,

    v.                                              1:24-cv-0526 (AMN/TWD)

DEVIN J. ANDERSON; MARCUS
FELTON; 15 JOHN DOE'S; and THE
CITY OF ALBANY,

                Defendants.

---

**APPEARANCES:**                                    **OF COUNSEL:**

**CHANDLER HICKENBOTTOM**
19 Elberon Place
Albany, New York 12203
Plaintiff, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

**I.    INTRODUCTION**

On April 15, 2024, Plaintiff *pro se* Chandler Hickenbottom commenced this action pursuant 42 U.S.C. § 1983 ("Section 1983") against Defendants Devin Anderson, Marcus Felton, 15 John Does, and the City of Albany. *See* Dkt. No. 1 ("Complaint").

Plaintiff sought leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2. This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e) and, on May 23, 2024, granted Plaintiff's application to proceed IFP, and recommended that (i) Plaintiff's claims against Defendants Anderson, Felton, and the 15 John Doe Defendants survive initial review and require a response; and (ii) Plaintiff's claim against Defendant City of Albany be dismissed without prejudice and with leave to amend.

*See* Dkt. No. 4 at 7 ("Report-Recommendation").[1]  Magistrate Judge Dancks advised that pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.*  Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.  STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**III. DISCUSSION**

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Dancks first liberally construed the facts in the Complaint as alleging the following claims pursuant to Section 1983: (i) First Amendment claims related to free speech, association, and retaliation against Defendant Anderson; (ii) Fourth Amendment excessive force claims against Defendants Anderson, Felton, and the 15 John Doe Defendants; and (iii) a Fourteenth Amendment equal protection claim against Defendant Anderson. *See* Dkt. No. 4 at 5 (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008)).[2] Magistrate Judge Dancks recommended that all of these Section 1983 claims against Defendants Anderson, Felton, and the 15 John Doe Defendants survive initial review and require a response. *Id.* at 7.

As to Defendant City of Albany, Magistrate Judge Dancks concluded that it was not a proper party because "the complaint allege[d] no facts plausibly suggesting the City of Albany has a policy, practice, or custom that resulted in a violation of Plaintiff's constitutional rights." *Id.* at 5-6 (citing, *inter alia*, *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012)). As a result, Magistrate Judge Dancks recommended that the Section 1983 claim against Defendant City of

---

[2] For a complete recitation of the facts in Plaintiff's Complaint, the parties are referred to the Report-Recommendation. *See* Dkt. No. 4 at 2-3.

3

Albany be dismissed without prejudice and with leave to amend. *Id.* at 7. The Court agrees with Magistrate Judge Dancks' recommendation for the reasons set forth in the Report-Recommendation.

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 4, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that the following claims in the Complaint, Dkt. No. 1, **SURVIVE initial review and require a response**: (i) Plaintiff's First Amendment claims related to free speech, association, and retaliation against Defendant Anderson; (ii) Plaintiff's Fourth Amendment excessive force claims against Defendants Anderson, Felton, and the 15 John Doe Defendants; and (iii) Plaintiff's Fourteenth Amendment equal protection claim against Defendant Anderson; and the Court further

**ORDERS** that Plaintiff's Section 1983 claim against Defendant City of Albany be **DISMISSED without prejudice and with leave to amend**;[3] and the Court further

**ORDERS** that any amended complaint must be filed within **thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that if Plaintiff files an amended complaint within the time permitted, the amended complaint is referred to Magistrate Judge Dancks for further review; and the Court further

**ORDERS** that if Plaintiff does not file an amended complaint, the case is returned to

---

[3] Any amended pleading must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Magistrate Judge Dancks for any orders relating to service; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.[4]

**IT IS SO ORDERED.**

Dated: June 24, 2024
       Albany, New York

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge

---

[4] The Clerk shall also provide Plaintiff with copies of all unreported decisions herein.