**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

CHANDLER HICKENBOTTOM,

Plaintiff,

v.                                      1:24-cv-00526 (AMN/CBF)

DEVIN J. ANDERSON, *et al.*,

Defendants.

---

**APPEARANCES:**                                              **OF COUNSEL:**

**CHANDLER HICKENBOTTOM**
19 Elberon Place
Albany, New York 12203
Plaintiff *pro se*

**THE REHFUSS LAW FIRM, P.C.**                   **STEPHEN J. REHFUSS, ESQ.**
40 British American Boulevard
Latham, New York 12110
*Attorney for Defendants*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION & ORDER**

**I.      INTRODUCTION**

On April 15, 2024, Plaintiff *pro se* Chandler Hickenbottom commenced this action pursuant 42 U.S.C. § 1983 ("Section 1983") against Devin J. Anderson, Marcus Felton, the City of Albany, and fifteen Doe defendants. Dkt. No. 1 ("Complaint"). Presently before this Court is Defendants' motion to dismiss the Complaint for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, as well as for insufficient service of process and lack of personal jurisdiction pursuant to Rules 12(b)(5) and 12(b)(2), respectively. *See* Dkt. No. 31 ("Motion"). Plaintiff has not responded to the Motion.

For the reasons set forth below, Defendants' Motion is granted.

## II.    BACKGROUND

### A.  Procedural History

On April 15, 2024, Plaintiff commenced this action pursuant to Section 1983 against Devin J. Anderson, Marcus Felton, the City of Albany, and fifteen Doe defendants alleging that she was assaulted while participating in a peaceful protest at the Albany Police Department South Station precinct.  *See* Dkt. No. 1.  Plaintiff sought leave to proceed *in forma pauperis* ("IFP").  Dkt. No. 2.  This matter was referred to Magistrate Judge Thérèse Wiley Dancks, who reviewed the Complaint pursuant to 28 U.S.C. § 1915, and on May 23, 2024, issued an Order and Report-Recommendation ("Report-Recommendation") granting Plaintiff's application to proceed IFP and recommending that the Court (i) dismiss Plaintiff's Section 1983 claim against the City of Albany without prejudice and with leave to amend and (ii) that Plaintiff's First Amendment free speech, association, and retaliation claims, Fourth Amendment excessive force claims, and Fourteenth Amendment equal protection claim survive initial review.  Dkt. No. 4 at 6-7.[1]  On June 24, 2024, this Court adopted the Report-Recommendation in its entirety and ordered that any amended complaint must be filed within thirty days of the date of the Order.  *See* Dkt. No. 5 at 4.

Over six months later, on January 15, 2025, the Court noted that Plaintiff had not filed an amended complaint and directed the Clerk terminate the City of Albany as a defendant.  Dkt. No. 6.  The Court also directed the Clerk to issue summonses and a General Order 25 filing order, and forward them, along with two copies of the Complaint, to the U.S. Marshals for service upon Defendants Anderson and Felton ("Defendants").  *Id*.  That same day, summonses were issued as

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

to the Defendants, *see* Dkt. No. 7, but they were both returned unexecuted. *See* Dkt. Nos. 10, 11. On April 7, 2025, the Court directed the Clerk to reissue summonses, *see* Dkt. No. 12, and the summonses were reissued that same day. Dkt. No. 13. On April 25, 2025, an executed acknowledgement of service as to Defendant Felton was filed, *see* Dkt. No. 15, but the summons as to Defendant Anderson was returned unexecuted with a note that Defendant Anderson was transferred to a different Albany Police Department station. *See* Dkt. No. 16. The Clerk reissued summons for Defendant Anderson on April 28, 2025, and again on November 6, 2025, *see* Dkt. Nos. 18, 23, but each time the summons was returned unexecuted. *See* Dkt. Nos. 22, 25. On November 24, 2025, a summons was reissued once more as to Defendant Anderson at his current workplace, *see* Dkt. No. 28, and an executed acknowledgement of service as to Defendant Anderson was filed on February 1, 2026. *See* Dkt. No. 37.

During the course of this Court's attempts to effectuate service upon Defendants, numerous Court orders and notices mailed to Plaintiff at her address of record were returned as undeliverable, beginning as early as May 12, 2025. *See* Dkt. Nos. 19, 20, 29, 34, 35, 39. On November 7, 2025, Magistrate Judge Dancks issued a Text Order noting that Plaintiff had not contacted the Court or filed anything on the docket since the filing of the Complaint on April 15, 2024, approximately nineteen months prior. Dkt. No. 24. Magistrate Judge Dancks accordingly directed Plaintiff to update her address and other contact information with the Court immediately and warned that failure to do so would result in sanctions, which could include dismissal of the action for failure to prosecute and failure to follow Court orders and directives. *Id.* (citing Fed. R. Civ. P. 41(b); N.D.N.Y. L.R. 41.2).

### B. The Motion

On January 6, 2026, Defendants moved to dismiss the Complaint for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, as well as for insufficient service of process and lack of personal jurisdiction pursuant to Rules 12(b)(5) and 12(b)(2), respectively. Dkt. No. 31; *see also* Dkt. No. 33 (certificate of service indicating that the motion papers were mailed to Plaintiff's address of record). Specifically, Defendants contend that Plaintiff's inactivity, lack of communication, and failure to comply with this Court's orders warrants dismissal under Rule 41(b). Dkt. No. 31 at 3-4. Defendants also contend that the Court lacks personal jurisdiction over Defendant Anderson under Rule 12(b)(2) because he was never properly served pursuant to Rule 12(b)(5), and that service was untimely as to Defendant Felton under Rule 4(m). *Id.* at 2-3.

That same day, the Clerk mailed a notice to Plaintiff informing her that she may file a response to the Motion on or before January 27, 2026, pursuant to Local Rule 7.1(a)(1). Dkt. No. 32. The notice was returned as undeliverable. *See* Dkt. No. 35. Over six months have passed since the Defendants filed their motion to dismiss, and Plaintiff has not filed a response. *See generally* Docket Sheet.

## III. STANDARD OF REVIEW

"Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute it, or to comply with the procedural rules or orders of the court." *Betta Moments v. Corr. Officer Doe*, No. 25-cv-635, 2026 WL 192312, at *2 (N.D.N.Y. Jan. 26, 2026) (citing Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). "District courts have an 'inherent power' to dismiss an action based on plaintiff's failure to prosecute or comply with an order of the court pursuant to Rule 41(b)." *Lynch v. Hanley*, No. 21-cv-25 (AMN/ML), 2023 WL 4763941, at *3 (N.D.N.Y. July 26,

2023) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). "This authority 'is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts.'" *Id.* (quoting *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42 (2d Cir. 1982)). However, dismissal under Rule 41(b) is a "'harsh remedy to be utilized only in extreme situations,'" particularly "where a plaintiff is proceeding *pro se*." *Jackson v. United States*, No. 17-cv-1157, 2020 WL 109009, at *2 (N.D.N.Y. Jan. 9, 2020) (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) and citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (holding that the circuit court will give due deference to the district court's decision to dismiss a *pro se* complaint "only when the circumstances are sufficiently extreme")). "Notwithstanding a plaintiff's *pro se* status, Rule 41(b) gives the district court explicit authority to dismiss a case where the plaintiff fails to comply with the court's orders or otherwise fails to prosecute the action 'diligently.'" *Banks v. Racette*, No. 18-cv-319, 2019 WL 5653232, at *2 (N.D.N.Y. Oct. 30, 2019) (citing *Lyell Theatre*, 682 F.2d at 43).

In determining whether dismissal under Rule 41(b) is warranted, courts in the Second Circuit consider the following five factors, none of which are dispositive: (1) the duration of the plaintiff's failure to comply with orders of the court; (2) whether the plaintiff received notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between the court's interest in managing its docket and plaintiff's interest in receiving a fair opportunity to be heard; and (5) whether the judge has adequately considered lesser sanctions than dismissal. *See Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas*, 84 F.3d at 535); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

## IV.    DISCUSSION

In ordering the dismissal of Plaintiff's Complaint, the undersigned is cognizant that dismissal is considered a "harsh remedy," particularly in an action brought by a *pro se* plaintiff. *See LeSane*, 239 F.3d at 209.  However, Plaintiff has not taken any meaningful action to advance her case since its commencement and has failed to communicate with the Court and Defendants. Accordingly, the Court finds that all five factors, taken together, weigh heavily in favor of dismissal.  The Court addresses each factor in turn.

In examining the first factor, the Court considers two inquiries: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether those failures were of significant duration. *See Drake*, 375 F.3d at 255 (citing *Martens v. Thomann*, 273 F.3d 159, 180 (2d. Cir. 2001)).  As to the former, there can be little dispute that Plaintiff has failed to prosecute this case.  Plaintiff's only participation in the prosecution of this case has been the filing of the initial Complaint.  *See* Dkt. No. 1.  To date, Plaintiff has not complied with Magistrate Judge Dancks' Order directing her to update her address and other contact information.  *See* Dkt. No. 24.  Due to Plaintiff's failure to comply, this case "is effectively dormant and cannot proceed without Plaintiff's participation." *Abarca v. Chapter 4 Corp.*, No. 18-cv-11206, 2019 WL 13221420, at *1 (S.D.N.Y. Mar. 21, 2019). If Plaintiff did not receive actual notice of this Court's Orders either by mail or by email, "responsibility for that miscommunication lies with h[er]."  *Wilson v. Doe 1-4*, No. 21-cv-5170, 2022 WL 2065030, at *2 (E.D.N.Y. June 8, 2022); *see also Allen v. Moreland*, No. 16-cv-6539, 2018 WL 3637467, at *1 (W.D.N.Y. July 30, 2018) ("The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit.").  As such, the delay in this case is a result of Plaintiff's own failures.  *See Drake*, 375 F.3d at 255.

6

With respect to the latter inquiry, the duration of these failures is significant. "Although there is no 'magic number' to determine whether Plaintiff's delay endured for a 'significant' period," *see Hendricks v. Curley*, No. 23-cv-487 (AMN/MJK), 2024 WL 4493397, at *3 (N.D.N.Y. Oct. 15, 2024) (quoting *Ransom v. United States*, No. 09-cv-1272, 2011 WL 2893067, at *5 (N.D.N.Y. July 15, 2011)), the Court notes that the Local Rules of the Northern District of New York provide that a plaintiff's failure to take action for four months is "presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a). Here, this action has been pending for over two years. Plaintiff has not taken any action to move this litigation forward since April 15, 2024. *See* Dkt. No. 1. The Second Circuit has found delays of far less time than this to be sufficient to support dismissal. *See, e.g.*, *Murray v. Doe*, No. 24-cv-5849, 2025 WL 623698, at *2 (S.D.N.Y. Feb. 26, 2025) (seven months); *Mayer v. Clinton Cnty.*, No. 17-cv-905, 2020 WL 5536800, at *5 (N.D.N.Y. Aug. 7, 2020) (six months), *report and recommendation adopted sub nom. Mayer v. Liberty*, 2020 WL 5531543 (N.D.N.Y. Sept. 15, 2020). Accordingly, this factor weighs in favor of dismissal.

The second factor asks whether Plaintiff "received notice that further delays would result in dismissal." *Drake*, 375 F.3d at 255 (internal quotation marks and citation omitted). Here, Plaintiff was on notice that further delay could result in the dismissal of this action. On April 15, 2024, Plaintiff signed a *pro se* notice that reminded her to "immediately notify the Court of any change of address" and expressly warned her that failure to do so "may result in the involuntary dismissal of [her] case for failure to prosecute." *See* Dkt. No. 3 at 2 (citing Fed. R. Civ. P. 41(b); N.D.N.Y. L.R. 10.1(c)(2), 41.2(b)). As previously noted, it remains Plaintiff's duty to diligently pursue her case and to inform this Court of any change of address. *See Terry v. City of New York*, No. 20-cv-81, 2020 WL 5913409, at *2 (S.D.N.Y. Oct. 6, 2020). Therefore, this factor weighs in

favor of dismissal. *See, e.g.*, *Qi v. Yang*, No. 26-cv-251, 2026 WL 1078387, at \*2 (S.D.N.Y. Apr. 21, 2026) (dismissal after one warning); *Leybinsky v. United States Citizenship & Immigr. Servs.*, No. 19-cv-6154, 2020 WL 7295661, at \*2 (E.D.N.Y. Dec. 2, 2020) (same).

The third factor examines whether Defendants have been prejudiced by Plaintiff's failure to prosecute. Prejudice to Defendants can be presumed where, as here, Plaintiff's actions unreasonably delayed the case. *See Peterson v. Crowe*, No. 22-cv-212, 2023 WL 4187389, at \*3 (N.D.N.Y. May 9, 2023), *report and recommendation adopted*, 2023 WL 4175294 (N.D.N.Y. June 26, 2023); *see also Caussade v. United States*, 293 F.R.D. 625, 630-31 (S.D.N.Y. 2013) (collecting cases showing that courts presume prejudice "[w]here a plaintiff has become inaccessible for months at a time"). Moreover, as the Second Circuit has recognized, "delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999). Thus, Defendants have been prejudiced by Plaintiff's delay, "as the amount of time that has passed since the occurrence of the alleged incident makes it more difficult for them to access evidence." *Anthony v. Lyons*, No. 18-cv-849, 2021 WL 1701754, at \*4 (N.D.N.Y. Apr. 12, 2021), *report and recommendation adopted*, 2021 WL 1699858 (N.D.N.Y. Apr. 29, 2021). Accordingly, this factor weighs in favor of dismissal.

The fourth factor addresses the balance between the Court's interest in alleviating court congestion and managing its docket, and the plaintiff's interest in receiving an opportunity to be heard. *See Lucas*, 84 F.3d at 535. Under these circumstances, the scale balancing the Court's interest with Plaintiff's interest tips decidedly in favor of dismissal. Indeed, "[t]he Court has a strong interest in managing its docket and 'cannot wait indefinitely' for Plaintiff to 'turn her attention' to this case." *Larmon v. White*, No. 24-cv-2191, 2024 WL 4099927, at \*5 (E.D.N.Y.

8

Sept. 6, 2024) (quoting *Pena v. Zazzle Inc.*, 587 F. Supp. 3d 109, 114 (S.D.N.Y. 2022)) (brackets omitted). Additionally, Plaintiff's "failure to comply with the court's order or make an attempt to prosecute this case dismisses h[er] right to have the court hear h[er] claim." *Pena*, 587 F. Supp. 3d at 114 (citations omitted). Accordingly, this factor also weighs in favor of dismissal.

As to the final factor, the Court finds that the imposition of a lesser sanction would have no effect on Plaintiff, or this litigation, given Plaintiff's repeated failure to update her address or otherwise participate in this action in any manner. *See Anthony*, 2021 WL 1701754, at *5 (finding that the imposition of a lesser sanction "would be ineffective because Plaintiff's failure to comply with the Court's orders indicates that a lesser sanction would not motivate him to participate in this action") (citations omitted), *report and recommendation adopted*, 2021 WL 1699858 (N.D.N.Y. Apr. 29, 2021). This litigation has been pending since April 15, 2024, *see* Dkt. No. 1, and Plaintiff's ongoing failure to update her address demonstrates that "there is no meaningful way to secure Plaintiff's appearance before the Court to litigate this action." *Lando v. Claudio*, No. 18-cv-1472, 2022 WL 3701719, at *4 (N.D.N.Y. Apr. 21, 2022), *report and recommendation adopted*, 2022 WL 3701572 (N.D.N.Y. Aug. 26, 2022). Nevertheless, given Plaintiff's *pro se* status, the Court finds that dismissal without prejudice is appropriate, permitting Plaintiff to bring this lawsuit at another time within the applicable statutes of limitations if and when she is prepared to diligently litigate it. *See Cutting v. Riveles Wahab LLP*, No. 23-cv-6040, 2024 WL 3833890, at *2 (S.D.N.Y. Aug. 14, 2024) (dismissing without prejudice for failure to prosecute).

Accordingly, after careful consideration of the relevant factors, the Court concludes that dismissal of Plaintiff's Complaint is warranted for failure to prosecute pursuant to Rule 41(b).[2]

---

[2] Since the Court dismisses this action in its entirety for failure to prosecute, the Court declines to address the other grounds for dismissal raised by Defendants. *See Flores v. Mario's Pizzeria of Oyster Bay*, No. 23-cv-4261, 2024 WL 1704721, at *1 n.2 (E.D.N.Y. Apr. 19, 2024) (declining to

## V.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendants' motion to dismiss, Dkt. No. 31, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 16, 2026
       Albany, New York

Anne M. Nardacci
U.S. District Judge

---

address additional grounds for dismissal set forth in defendants' motion given that the action was dismissed pursuant to Rule 41(b) for failure to prosecute); *Morales v. N.Y.C. Dep't of Corr.*, No. 10-cv-1615, 2011 WL 6706107, at *1 (E.D.N.Y. Dec. 21, 2011) (declining to consider dismissal under Rule 4(m) for untimely service because action was dismissed for failure to prosecute).